JAMES F. McCORMICK, Suing on Behalf of Himself and All Others Similarly Situated, Plaintiff, *v.* WESTCHESTER LIGHTING COMPANY, Defendant.*,

Supreme Court, Westchester County, August 20, 1931.

---

*Timothy A. McCarthy*, for the plaintiff.

*William L. Ransom, Arthur D. Brennan* and *Jacob H. Goetz*, for the defendant.

CLOSE, J.   This is an application for an injunction *pendente lite* restraining the defendant from charging 73 cents for the first 100 cubic feet of gas per meter per month supplied to the plaintiff, and

to restrain the defendant from charging the plaintiff more than $1.30 per 1,000 cubic feet of gas per meter per month for the first 100,000 cubic feet of gas so used until such time as a different rate is duly and regularly fixed by proper order of the Public Service Commission of the State of New York.

The essential allegations in the complaint in so far as this motion is concerned are to the effect that during the month of May, 1923, and for many months prior thereto, the defendant sold gas to the plaintiff and their customers in the city of New Rochelle for which it made a charge of $1.30 per 1,000 cubic feet of gas per meter per month for the first 100,000 cubic feet of gas sold and used, and in addition made a monthly service charge of 60 cents; that on June 1, 1923, chapter 898 of the Laws of 1923 became effective and prohibited any gas corporation from making an additional charge or fee for service or for the installation of apparatus or the use of apparatus installed; that on June 14, 1923, the defendant filed with the Public Service Commission of the State of New York, Second District, a revised schedule of rates and that this schedule fixed the charge for gas used by the plaintiff and their customers in the city of New Rochelle for the first 100 cubic feet of gas per meter per month at 73 cents per 100 cubic feet and for the next 100,000 cubic feet of gas per meter per month $1.30 per 1,000 cubic feet; that this revised schedule was duly approved by the Public Service Commission.

The plaintiff alleges that since that date the defendant has charged its customers including the plaintiff and other customers in the city of New Rochelle 73 cents for the first 100 cubic feet of gas consumed each month, and that this is in effect adding to the 13 cents per 100 cubic feet formerly charged 60 cents, which is the same amount that it formerly charged its customers in that city for so-called service charge; that the action of the defendant in thus charging its customers 73 cents for the first 100 cubic feet of gas used is a subterfuge under which the defendant attempts to defeat and violate the prohibition contained in chapter 898 of the Laws of 1923, and the action of the defendant in making such charges is in violation of said chapter.

The only question before this court is whether or not this is an evasion of the prohibition and a violation of the statute or not. If it is, the plaintiff is entitled to relief. If it is not, this court has no jurisdiction and the plaintiff must seek redress by making complaint to the Public Service Commission.

The defendant has asked the court to determine the entire controversy by granting judgment on the pleadings, claiming that all the facts are before the court in affidavits that can be

presented upon the trial, and that in the interests of a quick and final decision, this court should now make such disposition of the matter so as to assist in such final decision. I do not find that the moving party consents to the exercise of this power and, under the circumstances, I will decide only the question that is involved in the moving papers and that question is: Is this charge of 73 cents for the first 100 cubic feet of gas per meter per month a rate charge or a service charge?

The Public Service Law, section 66, subdivision 12 (as amd. by Laws of 1930, chap. 774), provides that " No corporation or municipality shall charge, demand, collect or receive a greater or less or different compensation for any service rendered or to be rendered than the rates and charges applicable to such services as specified in its schedule filed and in effect at the time."

Prior to 1921 there was no statutory authority in this State for " block rates." In 1921 the statute was amended (Laws of 1921, chap. 134) to specifically authorize a gas corporation to establish " classification of service based upon the quantity used, the time when used, the purpose for which used * * *, and providing schedules of just and reasonable graduated rates applicable thereto." (Pub. Serv. Law, § 65, subd. 5, added by Laws of 1921, chap. 134.)

Subdivision 14 of section 66 (as amd. by Laws of 1930, chap. 789) empowered the Commission to compel gas corporations to establish " just and reasonable graduated rates and charges."

It is the contention of the defendant that its charge for the first 100 cubic feet of gas is a rate charge filed with the Public Service Commission pursuant to the specific statutory authority above referred to and points out that in thirty-seven separate and distinct localities of the State of New York, a charge is made for the first 100 cubic feet, varying from 50 cents to $1.60, and it argues with great force that the wide prevalence of this form of rate refutes the claim advanced by the plaintiff that it is a trick, subterfuge and evasion of the law.

The question of whether or not a gas company could make a service charge was considered by our highest court in the State in *City of Rochester* v. *Rochester Gas & Electric Corp.* (233 N. Y. 39). In that case the assertion was made that the service charge was only a trick and device to collect rental for meters which rental charge had been prohibited by law.

It seems to me that that case makes a distinction between a service charge and what is in effect a minimum charge under the rates complained of here. There the Commission had approved a rate charging the consumer $1.30 per 1,000 cubic feet and in addition a service charge against each consumer of 40 cents per month,

and Judge CARDOZO, writing for a majority of the court, points out that a service charge is in reality a charge for readiness to serve, saying in effect that in the absence of that charge or a similar device, " the householder who closes his dwelling for the summer, and pays nothing in the interval, shifts the cost of maintenance incurred in his behalf to the householder whose dwelling is open throughout the year. The occupant who consumes something, but not enough to pay his share of the expense is carried by his neighbors when rates are increased to compensate for profitless accounts. Sometimes this result is avoided through the device of a minimum bill which differs from a service charge in this only, that the charge is absorbed and disappears when the minimum is reached. * * * Each is an expedient for maintaining the equilibrium between service and requital."

It is conceded that chapter 898 of the Laws of 1923 was passed to forbid the service charge, the very thing that had been sanctioned by the Court of Appeals in *City of Rochester* v. *Rochester Gas & Electric Corp.* (*supra*), and the Legislature must have had in mind the language used by the court in its decision, and it seems to me that if the Legislature intended that a certain number of cubic feet only should be used by a gas corporation as a minimum amount in a graduated or block scale provided for in the statute, it would have been a very simple matter to have amended the law so as to express such a purpose.

The act that is forbidden by the statute is the making of a charge where there is no consumption of gas. As I have previously stated, it is in reality a prohibition against a charge made because of readiness to serve. That is not the situation here. If the plaintiff does not use any gas, he pays nothing.

The plaintiff alleges that the quantity of gas in the first block, *i. e.*, 100 cubic feet, is so small that it affects practically every customer of the defendant. The replying affidavits on the part of the defendant show that out of a total number of 120,000 gas customers served by the defendant, there are 5,000 customer meters a month who receive no bills under the present form of rate.

There is one other point raised by the plaintiff that requires comment. The plaintiff contends that because he is an individual customer, the Public Service Commission is without jurisdiction to grant him redress and he points out that under section 71 of the Public Service Law (as amd. by Laws of 1921, chap. 134) complaints to the Public Service Commission must be either made by the mayor of a city, trustee of a village, town board of a town, or by not less than twenty-five customers or users of gas, and he claims that this provision is in violation of section 1 of the 14th Amendment of the

Constitution of the United States and article 1, section 6, of the Constitution of the State of New York. There is no merit in this contention.

The plaintiff's right to service is dependent upon the provisions of article 7 of the Transportation Corporations Law (Laws of 1926, chap. 762). Except for this provision of law, there is no duty or obligation on the part of the gas company to furnish service to any applicant. (*United States Light & Heat Corp.* v. *Niagara Falls G. & E. L. Co.*, 47 Fed. [2d] 567, 569.) And it is further pointed out in the case last cited that the "consumer of gas in the territory [supplied by gas corporations] has only such right as the Public Service Law gives him to complain of the charges or service. As a general rule, a seller may fix the price of his product at what he pleases or dispose of it at any price, but the courts have determined that, where property is affected with a public interest, it is no longer *juris privati;* it becomes clothed with a public interest when used and sold in a community under a franchise grant. Thus the Gas Company's business becomes subject to the Public Service Law by reason of the interest which the public has. It must submit to the control by the Public Service Commission for the common good to the extent which it has clothed its property with public interest. But a citizen has no vested rights in statutory privileges or exemption."

Motion for temporary injunction is denied. Settle order on notice.